UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:20-cr-00769 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 30] |
| v. | : | |
| | : | |
| DARRYL L. DUNCAN, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

The United States Bureau of Prisons incarcerates Defendant Duncan at FCI Allenwood, where he is serving a thirty-two-month sentence for his violation of 18 U.S.C. § 922(g)(1).[1] At the time of his federal sentencing, Duncan also had a pending state case in the Cuyahoga County Court of Common Pleas.[2] While awaiting federal sentencing, Duncan was held in federal custody.

This federal court sentenced Duncan first. In a later state court sentencing, Duncan was sentenced to nine months and the state court judge ordered that the state sentence be served concurrently to his federal sentence.[3]

Defendant Duncan now seeks a nunc pro tunc order declaring that his federal sentence runs concurrently to his state sentence.[4]

This Court does not have authority to retroactively modify Duncan's judgment order.[5] To challenge his judgment order, Duncan may petition the Bureau of Prisons

---

[1] Docs. 28; 30 at 1.
[2] *State v. Duncan*, Case No. 20-CR-653410, Cuyahoga County Court of Common Pleas (2020).
[3] Doc. 30-1.
[4] Doc. 30.
[5] See United States v. Dandridge, 21-1234, 2021 WL 7368669, at *2 (6th Cir. Nov. 5, 2021); Barden v. Keohane, 921 F.2d 476, 483 (3d Cir. 1990) (recognizing that "the federal sentencing court [ ] lacks the power to order concurrency"

Case No. 1:20-cr-00769
GWIN, J.

directly for a nunc pro tunc concurrent designation.[6] If that fails, he may file a 28 U.S.C. § 2241 petition in the judicial district where he is incarcerated challenging the Bureau of Prison's administration of his sentence.[7]

Further, it is unclear what effect the nunc pro tunc order Defendant seeks would have. Defendant is currently serving his federal sentence in a federal institution. The state court has ordered that his state sentence run concurrently to his federal sentence. Duncan is therefore presumably receiving state-case credit for the time he is serving his federal sentence. The Bureau of Prisons does not have authority to credit Duncan's time in federal custody to his state case.

For the reasons stated above, the Court **DENIES** Defendant Duncan's motion for a nunc pro tunc order.

IT IS SO ORDERED.

Dated: March 23, 2022

s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

after the imposition of its original sentence and the later imposition of a state court sentence); *United States v. Profitt*, No. 3:06-CR-136-1, 2014 WL 408299, at *3 (S.D. Ohio Feb. 3, 2014) ("Under 18 U.S.C. § 3582(c), a federal district court has no power to 'modify a term of imprisonment once it has been imposed' in the absence of one of the narrow exceptions set forth in the statute.").

[6] *Cooper v. Warden FCI Bennettsville*, No. 220CV02783TLPTMP, 2021 WL 3500973, at *6 (W.D. Tenn. Aug. 9, 2021) ("A nunc pro tunc designation allows the BOP to retroactively designate a state facility for concurrent service of a federal sentence. And while the BOP has to consider a request for a nunc pro tunc designation, it 'has no obligation to grant it.'").

[7] *Wahid v. Williams*, No. 19-3851, 2020 WL 5412791, at *1 (6th Cir. Aug. 13, 2020) ("A habeas petition filed under § 2241 is the appropriate avenue for relief for federal prisoners 'challenging the execution or manner in which the[ir] sentence is served.'").